IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DANIEL WARREN, *Plaintiff,* | : : : | CASE NO. _____ |
| v. | : : : | Case: 1:19-cv-01203<br>Assigned To : Unassigned<br>Assign. Date : 4/18/2019<br>Description: FOIA/Privacy Act (I-DECK) |
| SECURITIES EXCHANGE COMMISSION *Defendant.* | : : : | |

## VERIFIED CIVIL COMPLAINT

### Introduction

This is a civil rights action for production of documents under the Freedom of Information Act. Production request was to the Securities Exchange Commission whom has withheld agency records and Plaintiff seeks an order for the production of agency records.

### Jurisdiction

1. The Court has jurisdiction over Plaintiff's claims under 5 USCS § 552(a)(4)(B).

### Parties

2. The Plaintiff Daniel Warren is a prisoner at SCI Pheonix, 1200 Mokychic Drive, Collegeville, PA 19426.

1


RECEIVED Mail Room APR 19 2019 Angela D. Caesar, Clerk of Court U.S. District Court, District of Columbia

3. The Defendant Securities Exchange Commission is a federal government agency at Station Place, 100 F Street, NE, Washington, DC 20549-2465.

*Facts*

4. The purpose of the Freedom of Information Act is to facilitate public access to government document, and therefore its 'dominant objective' is disclosure, not secrecy.

5. The Securities Exchange Act creates federal duties related to the registration and disclosures of bonds and securities.

6. 15 USCS § 78l (b) states that a security may be registered on national securities exchange by the issuer filing an application with the exchange and filing with the Securities Exchange Commission such duplicate of the originals.

7. The acronym CUSIP refers to both the Committee on Uniform Security Identification Procedures and the 9-character alphanumeric security identifies that they distribute for all of North America securities for the purpose of facilitating clearing and settlements of trades. The CUSIP is the code identifier of a security.

8. Title 15 § 77f(d) states that information in or filed with any regsitration statement shall be made available to the public under such regulations as the

2

Commission may prescribe and copies thereof shall be furnished to every applicant at such reasonable charge as the Securities Exchange Commission may prescribe.

9. Title 15 § 78x(a) under Public availability of information states that records defined for the purposes of section 552 of Title 5, United States Code includes all applications, statements, reports, contracts, correspondence, notices and other documents filed with or obtained by the Securities Exchange Commission pursuant to this title or otherwise.

10. Based on the above information, on December 20, 2018, Plaintiff filed a Freedom of Information Act request with the Defendant for public information assigned to CUSIP# 722005196.

11. Plaintiff requested copies of the following information assigned to CUSIP#722005196:

(a) registration statement; (b) prospectus; (c) earning statement; (d) bond purchase; (e) 1099 OID, INT and LTC for 2015, 2016, 2017, and 2018; (f) GSA Form 24, SF25, SFG25A, SF274, SF275 ans SF275A; (g) State 28-E; (h) audit opinion for 2015, 2016, 2017 and 2018; (i) 8k, 10-K, and 10Q for 2015, 2016, 2017, and 2018; (j) current value of security/bond; (k) settlement and delivery date

3

of security/bond; (l) holder-owner, transfer agent, registrar, issuer, underwriter, director, partners, offeror, and seller of security/bond; (m) bond register; (n) actual purchase price of security/bond; and (o) documentation of all persons receiving any proceeds from this security/bond.

12. The Defendant responded late after I had filed an appeal, and they failed to produce any of the requested documents, stating that they could not find anything under PIMCO International when I requested the information assigned to the CUSIP number, and not a name search of a company, but a security/bond search using the CUSIP identifier.

13. I received a late response from the appeals office stating that they have no jurisdiction over the matter.

14. All of the documents requested are public records available to the public and should have been produced by the Defendant.

15. The Defendant posseses the information because all securities/bonds must have a registration statement filed with the Securities Exchange Commission to eliminate serious abuses in the securities market and to protect investors by promoting full disclosure of information thought necessary to informed investment decisions and designed to insure fair dealings and good conduct on the part of

4

those who seek and obtain use of the mails and other instrumentalities of commerce in the sale of securities to the public and to promote ethical standards of honesty and fair dealings to protect the public against fraud in the sale of securities.

*Relief Requested*

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant the following relief:

A. Enjoin the Defendant to produce all of the requested documents which are public information for the assigned CUSIP#722005196 as described in no. 11 of this complaint;

B. Award reasonable attorney fees and other litigation costs reasonably incurred in which the Plaintiff has substantially prevailed in this action.

Respectfully submitted

_Daniel Warren_
Daniel Warren, Plaintiff
#NL6620
SCI Pheonix
1200 Mokychic Drive
Collegeville, PA 19426

Dated: April 14, 2019

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL WARREN, <br> *Plaintiff,* | CASE NO. _____ |
| v. | |
| SECURITIES EXCHANGE COMMISSION <br> *Defendant.* | |

## AFFIDAVIT OF AFFRIMANCE

I, Daniel Warren pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury that the foregoing statements, averments, and facts set forth in this civil complaint are true and correct to the best of my knowledge and belief.

Respectfully submitted,

*/s/ Daniel Warren*   Dated: April 14, 2019
Daniel Warren, Plaintiff
NL6620
SCI Pheonix
1200 Mokychic Drive
Collegeville, PA 19426