UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL WARREN,             Plaintiff,       v.            SECURITIES AND EXCHANGE COMMISSION,             Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )     Civil Action No.  19-1203 (BAH)     Chief Judge Beryl A. Howell |

**ORDER**

Pending in this FOIA case is the Defendant's Motion for Summary Judgment, ECF No. 17. Consideration of the pending motion could potentially dispose of the case in this Court. Therefore, the Court advises the plaintiff, who is proceeding *pro se*, of the following obligations that he must undertake under the Federal Rules of Civil Procedure and the local rules of this Court.  See *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (holding that a *pro se* party must be advised of consequences of failing to respond to a dispositive motion, including "an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case"); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (holding that a *pro se* party must be advised, when a motion for summary judgment is filed, that "'any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits [his] own affidavits or other documentary evidence contradicting the assertion'") (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

First, the plaintiff's attention is directed to Local Civil Rule 7, which governs the time within which an opposition to a dispositive motion, such as a motion to dismiss or a motion for summary judgment, must be filed, as well as the consequences of failure to file any opposition. This rule states, in pertinent part:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b). Note that the method of computing any time period specified in the rules or order is set forth in Rule 6 of the Federal Rules of Civil Procedure. The Court may choose to treat as conceded any motion not opposed within the time limits put in place, or instead choose to consider on the merits any such motion. The Court also may treat as conceded any unopposed arguments the defendant has advanced in support of the motion. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. App'x. 8 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (other citation omitted)). Consequently, failure to respond to the defendant's motion in this case and to respond in a timely manner carries with it the risk that the case will be resolved in the defendant's favor without the plaintiff's input.

Second, the plaintiff's attention is directed to Rule 56 of the Federal Rules of Civil Procedure, which governs motions for summary judgment. Rule 56(a) states, in pertinent part, that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, Rule 56 describes the opposing party's obligation to respond as follows:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  Rule 56(c) provides:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended

3

> there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

LCvR 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendant in support of the motion for summary judgment, unless the plaintiff submits his own affidavits or documentary evidence showing that the defendant's assertions are untrue.  *See Neal*, 963 F.2d at 456.  Simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.  Fed. R. Civ. P. 56(e).  For these purposes, a verified complaint may serve as an affidavit.  *See Neal*, 963 F.2d at 457–58.

Accordingly, it is hereby,

**ORDERED** that the plaintiff shall respond to the defendant's motion, ECF No. 17, on or before **December 20, 2019**.  The plaintiff's failure to comply with his obligations under the Federal Rules of Civil Procedure and the rules of this Court carries the risk that the defendant's motion will be granted, and that judgment will be entered in its favor.

                                           /s/ *Beryl A. Howell*
                                                      CHIEF JUDGE

DATE:  November 4, 2019