UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-1203 (BAH) |
| ) | Chief Judge Beryl A. Howell |
| ) | |
| SECURITIES AND EXCHANGE ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff, Daniel Warren, filed this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel disclosure of records maintained by the Securities and Exchange Commission ("SEC"). Defendant SEC has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Def.'s Mot. for Summ. J. ("Def.'s Mot."), ECF No. 17. For the reasons explained below, the SEC's motion is denied.

**I. BACKGROUND**

On December 20, 2018, plaintiff requested "all . . . documentation in relation to and assigned to CUSIP# 722005196; PIMCO Bond International Fund Unhedged; Symbol PFUAX, inception date September 3, 2004, net asset as of October 31, 2018 is $1,279,000,000.00." Decl. of Jeffrey Ovall ("Ovall Decl."), Ex. 1, ECF No. 17-3 at 7.[1]

---

[1] CUSIP is the acronym for Committee on Uniform Security Identification Procedures. According to the U.S. Securities and Exchange Commission, "[t]he CUSIP system—owned by the American Bankers Association and operated by Standard & Poor's—facilitates the clearing and settlement process of securities." CUSIP Number, http://www.sec.gov. "[M]ost financial instruments have CUSIP numbers, and CUSIP# 722005196 is the unique identifier for PIMCO International." Ovall Decl. ¶ 9.

1

Plaintiff specified the following:

    (1) copies of Registration statement filed with commission;

    (2) copies of Prospectus filed with commission;

    (3) copies of Form S-3 Prospectus Supplement;

    (4) copies of earning statement;

    (5) copies of bond purchase;

    (6) copies of omid, omad, 1099 Oid, 1099 int, 1099 LTC, for 2015, 2016, 2017 and 2018;

    (7) copies of GSA Form 24, SF25, SFG25A, SF274, SF275 and SF275A;

    (8) copies of State 28-E;

    (9) copies of audit opinion for 2015, 2016, 2017, and 2018;

    (10) copies of 8K, 10-K, and 10Q for 2015, 2016, 2017, and 2018;

    (11) copies of Schedule 13D Forms;

    (12) copies of the documentation of the current value CUSIP#722005196;

    (13) copies of the funds credit rating;

    (14) copies of the bonds proceeds for 2015, 2016, 2017, and 2018;

    (15) copies of the settlement and delivery date;

    (16) copies of the documentation of the holder-owner of the security, transfer agent, registrar, issuer, underwriter, director, partners, offeror and seller of this security;

    (17) copies of the bond register;

    (18) copies of documentation of the source of the bond;

    (19) copies of the documentation of the actual purchase price of the bond;

    (20) copies of the documentation of the actual price of value of shares;

    (21) copies of documentation of all persons receiving any proceeds from this security;

    (22) copies of the International Securities Identification Number (ISIN) for this security.

*Id*. at 8-9.  Plaintiff also requested a fee waiver.

On February 5, 2019, the SEC denied plaintiff's fee waiver request and informed him that "a preliminary search of the SEC's various systems of records, for records concerning a company named 'PIMCO International Bond Fund Unhedged'" had located no responsive information.  Ovall Decl., Ex. 2, ECF No. 17-3 at 12.  Almost six months later, on June 27, 2019, "after further consultation with the program office," the SEC informed plaintiff that the foregoing fund "is one of several PIMCO funds that can be located on our website under the company name 'PIMCO Funds' at CIK number 0000810893."  *Id*., Ex. 5, ECF No. 17-3 at 24.  In response to the FOIA request, the SEC explained that Items 1, 2, 3, 9, and 13 "have been made publically [sic] available" and provided the website link where they could be found.  *Id*. at 24-25.  As for Item 10, the SEC explained that the requested forms "would not be filed by this fund because open-end funds are not required to file these forms."  *Id*. at 25.  The SEC located no records responsive to remaining Items 4, 5, 6, 7, 8, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21 and 22.  *Id*.  It informed plaintiff of his "right to appeal the adequacy of our search or finding of no responsive information to the SEC's General Counsel[.]" *Id*.

Meanwhile, on April 18, 2019, plaintiff filed this civil action.  By letter of July 1, 2019, the SEC asked plaintiff, in light of the foregoing events, to "let us know if you inten[d] to dismiss or pursue" the litigation.  Ovall Decl., Ex. 6, ECF No. 17-3 at 29.  On July 14, 2019, plaintiff replied that he had sought only "documentation in relation to and assigned to CUSIP #722005196," and that he "did not request anything for PIMCO" and "have no internet access[.]"  *Id*., Ex. 7, ECF No. 17-3 at 31.  Plaintiff stated that even if he had internet access, he would not "sift through

hundreds of thousands of documents for PIMCO on a goose chase, when I have the identifying CUSIP number for the securities that I seek the information for." *Id*. Plaintiff maintained that the SEC had "not provided [him] the requested information for CUSIP #722005196, which is all public information available to the public." *Id*. at 32.

On August 27, 2019, having construed plaintiff's reply as an appeal, Associate General Counsel Richard M. Humes affirmed the SEC's decision, explaining:

> Your contention that the FOIA Office should have provided documents related to CUSIP number 722005196. rather than documents related to PIMCO is without merit because CUSIP number 722005196 is the CUSIP number for PIMCO International Bond Fund (Unhedged), and the FOIA Office provided information related to the securities of PIMCO International Bond Fund (Unhedged).

Ovall Decl., Ex. 8, ECF No. 17-3 at 35.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In FOIA cases, summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Aguiar v. DEA*, 865 F.3d 730, 734–35 (D.C. Cir. 2017) (internal quotation marks omitted) (quoting *Judicial Watch, Inc. v. U.S. Secret Serv*., 726 F.3d 208, 215 (D.C. Cir. 2013)); *see also Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) ("[A]n agency is entitled to summary

judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced or is wholly exempt from the Act's inspection requirements.' " (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978))). Most FOIA cases will be resolved on summary judgment. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

To balance the public's interest in governmental transparency and "legitimate governmental and private interests [that] could be harmed by release of certain types of information," *Judicial Watch, Inc. v. U.S. Dep't of Defense*, 913 F.3d 1106, 1108 (D.C. Cir. 2019) (internal quotation mark omitted) (quoting *FBI v. Abramson*, 456 U.S. 615, 621 (1982)), FOIA has nine exemptions, set forth in 5 U.S.C. § 552(b), which "are 'explicitly made exclusive' and must be 'narrowly construed,' " *Milner v. Dep't of the Navy*, 562 U.S. 562, 565 (2011) (citations omitted) (first quoting *EPA v. Mink*, 410 U.S. 73, 79 (1979); and then quoting *Abramson*, 456 U.S. at 630). "[T]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

FOIA authorizes federal courts to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). "It is axiomatic that '[a]n inadequate search for records constitutes an improper withholding under FOIA.'" *Rodriguez v. Dep't of Def.*, 236 F. Supp. 3d 26, 34 (D.D.C. 2017) (quoting *Schoenman v. F.B.I.*, 764 F.Supp.2d 40, 45 (D.D.C. 2011)(alteration in original)).

District courts must "determine de novo whether non-disclosure was permissible." *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015). "FOIA places the burden 'on the agency to sustain its action,' and the agency therefore bears the burden of proving that it has not 'improperly' withheld the requested records*." Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 922 F.3d 480, 487 (D.C. Cir. 2019) (citations omitted) (first quoting 5 U.S.C. § 552(a)(4)(B); and then quoting *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 n.3 (1989)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Judicial Watch, Inc. v. U.S. Dep't of Defense*, 715 F.3d 937, 941 (D.C. Cir. 2013) (quoting *ACLU v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011)).

**III. DISCUSSION**

As a preliminary matter, plaintiff posits that the SEC could not have produced responsive records because it "misconstrued" his request "as seeking records concerning . . . PIMCO Funds . . . instead of the specific CUSIP # 72200519[6]." Pl.'s Mem. in Support of Its Response to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n"), ECF No. 21 at 2. [2] He faults the SEC for "trying to persuade the Court" that the CUSIP number is assigned to the Fund. *Id*. For the following reasons, plaintiff's position is untenable.

---

[2] In several pending motions, which the SEC has opposed, plaintiff conveys problems receiving service copies of the SEC's filings at the Pennsylvania state prison where he is incarcerated. In September 2019, plaintiff filed a motion to compel the SEC to acquire an attorney control number to remedy the problem. Pl.'s Mot., ECF No. 13. In November 2019, the SEC obtained such a number from the Pennsylvania Department of Corrections and re-sent copies of its answer and summary judgment motion. *See* SEC's Response to Pl.'s Mot. to Compel, ECF No. 20. Plaintiff has since filed a substantive response to the SEC's summary judgment motion, and the SEC has filed a reply that raises nothing new to warrant a surreply. Therefore, all of plaintiff's pending motions, including one to enlarge the time to file a surreply, ECF No. 23, will be denied.

FOIA requires federal agencies to grant "'any request for records which . . . reasonably describes such records,' subject to certain specified exemptions[.]" *LaCedra v. Exec. Office for U.S. Attorneys*, 317 F.3d 345, 347 (D.C. Cir. 2003) (quoting 5 U.S.C. § 552(a)(3)(A)). "[A]n agency . . . has a duty to construe a FOIA request liberally." *Nation Magazine, Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995). "The standard" for interpreting a request, "as with many aspects of the FOIA, is reasonableness." *Nat'l Sec. Counselors v. C.I.A.*, 931 F. Supp. 2d 77, 101 (D.D.C. 2013).

Plaintiff specifically requested "all" records pertaining to "CUSIP # 722005196" *and* "PIMCO Bond International Fund Unhedged; Symbol PFUAX," FOIA Request at 1, and the SEC confirms that CUSIP # 722005196 is the unique identifier for PIMCO International, Ovall Decl. ¶ 9. Therefore, the SEC properly "read [the request] as drafted[.]" *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984).

The SEC argues that it satisfied its FOIA obligations by (1) providing the website link where plaintiff could access Items 1, 2, 3, 9 and 13, and (2) conducting an adequate search for responsive records. *See* Mem. in Supp. of Mot. for Summ. J., ECF No. 17-1 at 5-7. As discussed in more detail below, the Court disagrees.

### A. Access to Records

The SEC "notified Warren that 5 of his 22 requests were publicly available [and] provided [him] with a website link for access to the requested documents." Ovall Decl. ¶ 11. Plaintiff states that he has no internet access, and he now requests "only . . . that the SEC produce copies of items" 1, 2, and 3. Pl.'s Opp'n at 9. For the following reasons, the SEC has not demonstrated its compliance with FOIA's disclosure provisions.

7

The FOIA requires prompt disclosure of records to a requester "in any form or format requested by the person if the record is readily reproducible[.]" 5 U.S.C. § 552(a)(3)(B). The pertinent *exception* to compliance with the requested format is where records are "made available under paragraphs (1) and (2)." *Id*. at § 552(a)(3)(A). Paragraph two requires each agency to "make available for public inspection in an electronic format" the following:

> (A) final opinions;
> (B) statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;
> (C) administrative staff manuals and instructions to staff that affect a member of the public;
> (D) copies of records previously released to a person under paragraph 3 that the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or that have been requested 3 or more times; and
> (E) a general index of the records referred to under subparagraph (D).

5 U.S.C. § 552(a)(2) (cleaned up). The SEC has not shown that the responsive records fit within any of the foregoing categories that may be made available only electronically.[3] Nor has it addressed plaintiff's narrowed request for copies of items 1, 2, and 3 in the original request. *See generally* Def.'s Reply Br. in Supp. of Mot. for Summ. J. ("Def.'s Reply"), ECF No. 22. Therefore, summary judgment on the disclosure question is inappropriate.

---

[3] The D.C. Circuit has held that an agency need not provide a FOIA requester copies of documents "'where the agency itself has provided an alternative form of access,' for example, making records available in a reading room." *Oglesby*, 920 F.2d at 70 (quoting *Tax Analysts v. United States Dep't of Justice*, 845 F.2d 1060, 1065 (D.C. Cir. 1988)). This presupposes, however, that the documents satisfy the requirements of 5 U.S.C. § 552(a)(1) and (a)(2). *See Id*. (listing examples); *Isiwele v. United States Dep't of Health & Human Servs.*, 85 F. Supp. 3d 337, 355 n.3 (D.D.C. 2015) (noting that the agency "fulfilled its disclosure obligation . . . by informing plaintiff that the U.S. Attorneys' Manual 'is publicly available, free of charge, on the worldwide web' and providing him the internet link").

## B. Search for Records

When questions arise about the search for responsive records, "the defending 'agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). An adequate search is established by the "appropriateness" of the search methods employed, not the "fruits of the search." *Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citing *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)). "In order to obtain summary judgment," then, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army* 920 F.2d 57, 68 (D.C. Cir. 1990). "Conclusory statements that the agency has reviewed relevant files are insufficient to support summary judgment." *Nation Magazine*, 71 F.3d at 890.

"Summary judgment may be based on affidavit, if the declaration sets forth sufficiently detailed information 'for a court to determine if the search was adequate.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001) (quoting *Nation Magazine*, 71 F.3d at 890). The declaration should set forth the search terms, describe the type of search employed, and state that the filing systems searched are the only ones likely to contain responsive records in light of the precise request. *Iturralde*, 315 F.3d at 313-14. The SEC's declaration fails in this regard.

9

The declaration establishes that the search was performed by staff in the Division of Investment Management ("IM") "familiar with documents filed by mutual funds such as PIMCO." Ovall Decl. ¶ 8. "Based on their knowledge of SEC laws and processes, IM staff determined that any information responsive to Warren's FOIA request would be in EDGAR (Electronic Data Gathering, Analysis, and Retrieval), an online public SEC database that holds submissions by companies and others who are required by law to file forms with the SEC." *Id*. ¶ 9. The declaration does not identify the search terms, describe the SEC's "various systems of records" (Def.'s Ex. 2) and retrieval methods, nor state that all filing systems likely to locate responsive records were searched. Therefore, summary judgment on the search question is inappropriate as well. *See Oglesby*, 920 F.2d at 68 ("Because State's affidavit did not adequately describe the agency's search, summary judgment on the adequacy of the search was improper.").

### IV.    ORDER

Accordingly, it is

**ORDERED** that SEC's Motion for Summary Judgment, ECF No. 17, is **DENIED** without prejudice; it is further

**ORDERED** that by **October 1, 2020**, the SEC shall supplement the record consistent with the Court's analysis. If appropriate, the SEC shall renew its summary judgment motion; and it is further

**ORDERED** that plaintiff's pending motions, ECF Nos. 13, 19, 23, 24, 26, are **DENIED**.

/s/ *Beryl A. Howell*
CHIEF JUDGE

DATE: August 24, 2020