UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL WARREN,           )<br>                                                   )<br>         Plaintiff,              )<br>                                                   )<br>     v.                                  )      Civil Action No.  19-1203 (BAH)<br>                                                   )      Chief Judge Beryl A. Howell<br>                                                   )<br>SECURITIES AND EXCHANGE    )<br>COMMISSION,                  )<br>                                                   )<br>         Defendant.            ) | |

**MEMORANDUM AND ORDER**

Plaintiff, Daniel Warren, filed this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel disclosure of records from defendant the Securities and Exchange Commission (SEC).  Pending is the SEC's Renewed Motion for Summary Judgment, ECF No. 29, to which plaintiff filed no opposition, even after an extension of time to so file, *see* Order (Oct. 2, 2020), ECF No. 30 (advising plaintiff to respond by November 16, 2020, and cautioning that defendant's unrefuted assertions may be treated as conceded); Minute Order (Nov. 23, 2020) (extending plaintiff's deadline to December 30, 2020).[1]  For the reasons explained below, the SEC's motion is granted.

**I. BACKGROUND**

Plaintiff requested "all . . . documentation in relation to and assigned to CUSIP# 722005196; PIMCO Bond International Fund Unhedged; Symbol PFUAX, inception date September 3, 2004, net asset as of October 31, 2018 is $1,279,000,000.00."  Mem. and Order at

---

[1]  On November 19, 2020, in response to plaintiff's motion to extend the initial filing deadline, the SEC mailed the renewed motion for summary judgment to plaintiff's current address of record.  *See* Not. of Service on Pl. at New Address, ECF No.  35.

1, ECF No. 27 (hereafter "Order") (record citations omitted).  He listed 22 categories of documents.  *Id*. at 3.  The SEC referred plaintiff to its website as a possible location for certain records but otherwise produced no records.  *See id*.

During the course of this litigation, plaintiff narrowed his request to three of the 22 categories.  *See id*. at 7.  On the initial round of summary judgment briefing, the SEC asserted that its disclosure obligations were satisfied through provision of the website link where certain responsive records were accessible, and the conduct of an adequate search.  The Court disagreed with both assertions and denied summary judgment without prejudice.  *See id*. at 8 (finding no showing that the responsive records fit within the statutory categories that may be made available only electronically); *id*. at 10 (noting the declarant's failure to identify the search terms, describe the SEC's record systems and retrieval methods, and state that all filing systems likely to locate responsive records were searched).

## II.  DISCUSSION

The uncontested supplemental record demonstrates the SEC's compliance with FOIA and entitlement to summary judgment.[2]  The SEC's declarant adequately explains why "EDGAR is the only SEC filing system that is likely to contain all" responsive records. Decl. of Brent Fields ¶ 9, ECF No. 29-2.[3]  The declarant also describes the search terms and methodology utilized to locate 186 documents responsive to plaintiff's narrowed request.  *See  id.* ¶ 10.  Finally, the SEC represents (1) that pursuant to regulation, it has provided plaintiff without charge 100 pages of

---

[2]     When, as here, a motion for summary judgment is uncontested, it may not be granted as conceded.  *See Winston & Strawn, LLP v. McLean,* 843 F.3d 503, 509 *(*D.C. Cir. 2016).  Instead, the uncontested facts may be assumed as admitted and then summary judgment entered "if, after fully considering the merits of the motion, [the court] finds that it is warranted."  *Id.* at 507-08 (citing Fed. R. Civ. P. 56(e)(3)).

[3]     EDGAR is an acronym for the SEC's Electronic Data Gathering, Analysis, and Retrieval system, which "performs automated collection, validation, indexing, acceptance, and forwarding of submissions by companies and others who are required by law to file forms with the [SEC]." https://www.sec.gov/edgar/searchedgar/aboutedgar.htm.

documents believed responsive to his request; (2) if those disclosures are not responsive, the SEC will provide 100 other pages without charge; and (3) that plaintiff may obtain any additional documents subject to his paying (or agreeing to pay) a duplication fee set by regulation. *See* Def.'s Mem. at 6-7, ECF No. 29-1.[4]

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Renewed Motion for Summary Judgment, ECF No. 29, is **GRANTED**; it is further

**ORDERED** that judgment is entered for the defendant; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

*This is a final and appealable Order.*

                         /s/  Beryl A. Howell
                         CHIEF JUDGE

DATE:  March 19, 2021

---

[4] The SEC's uncertainty about the records plaintiff truly seeks is well grounded in plaintiff's unwillingness to accept that the CUSIP number referenced in the FOIA request is assigned to the investment fund named in the request. *See* Order at 6-7 (finding untenable plaintiff's position that the SEC had misconstrued the FOIA request); *see also* Stmt. of Material Facts Not in Genuine Dispute ¶ 11 (plaintiff "stated that he did not want any of the documents the SEC had identified" as responsive to his request) and Def.'s Ex., ECF No. 17-3 at 35 (explaining to plaintiff that the requested "CUSIP number 722005196 is the CUSIP number for PIMCO International Bond Fund (Unhedged), and the FOIA Office provided information related to the securities of PIMCO International Bond Fund (Unhedged)") (emphasis added)).